IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 96-10301

Summary Calendar

JIMMY ROY DAVIDSON

Plaintiff-Appellee,

versus

CHRIS HOBBS, ET AL.,

Defendants

R. DREWRY; J.V. YOUNG;
W. STEPHENS, Major; C.C. BELL,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(1:95-CV-087-BA)

November 21, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jimmy Roy Davidson, Texas Prisoner #612588, appeals the district court's dismissal of his civil rights action against the warden and other officials of his state prison unit.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Davidson is not entitled to relief on grounds that these are state-law negligence claims sustainable under pendent jurisdiction over the *Ruiz*[1] consent decree. Such claims are barred by Eleventh Amendment immunity, which the state did not waive by agreeing to a consent decree in another case. *See Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986) (no waiver effected by the *Ruiz* consent decree); *Pennhurst State School & Hospital v. Halderman*, 465 us 89, 121 (1984) (no pendent jurisdiction over claims otherwise barred by Eleventh Amendment immunity).

Davidson's contention that he has adequately articulated a policy of torture for which he states a § 1983 claim is meritless. The complaint purports to list the names of 17 black and Latino inmates allegedly mistreated in the same manner that he claims to have been. This is not a policy or practice. He has alleged no facts of who may have tortured what inmates, when they did so, how they did so, on what authority, or how the defendants in this case were involved. He has given no details of who created this "policy" or on what authority they acted. "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S. § 1983." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (internal quotation omitted). Plaintiff's bald assertion "that a

---

[1] *Ruiz v. Estelle*, 503 F. Supp. 1265 (1980), *aff'd in part, rev'd in part*, 679 F.2d 1115, *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983).

pattern of torture existed that could be easily detected" is not enough. As Davidson either could not or did not utilize the opportunity he was given to remedy the deficiencies in his complaint, the district court's dismissal of these defendants is AFFIRMED. *See Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). We express no opinion as to the correctness of the district court's order to defendants Chris Hobbs and Lt. W. Bardin to file responsive pleadings, as it is not final. Fed.R.Civ.P. 54.

JUDGMENT AFFIRMED.